UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN AND STELLA OKERE,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA
AMERICAN CITIZENS SERVICES,
LAGOS, NIGERIA,

    Defendant.

No. 14 C 4851
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jonathan and Stella Okere brought this action against the Department of State at the U.S. Consulate in Lagos, Nigeria, regarding a passport application that Plaintiffs filed on behalf of their putative biological son, Jonathan Okere, Jr. Alleging that the consulate had erroneously placed their son's passport application on hold, Plaintiffs asserted the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), as the source of this Court's jurisdiction, and requested mandamus relief.

This matter is presently before the Court on Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6). Because the Court does not have jurisdiction, I am granting Defendant's motion and dismissing Plaintiffs' complaint.

### BACKGROUND

Mr. and Ms. Okere are United States Citizens. Mr. Okere has continuously lived in the United States for the past twenty years. Ms. Okere's place of residency is not clear from the complaint, but it appears that she has lived in both the United States and Nigeria—notably

1

present in the United States during at least some portion of her pregnancy and present in Nigeria when her son was born.

Ms. Okere appeared at the U.S. Consulate General in Lagos, Nigeria on January 9, 2013 to apply for a Consular Report of Birth Abroad of an American Citizen of the United States ("CRBA") and a U.S. passport for her two-month-old son. Based on the interview and documents provided, the interviewing consular officer began processing the CRBA and passport application and issued Ms. Okere a standard letter explaining that the CRBA and passport were being processed. According to the complaint, a consular officer told Ms. Okere that her son's CRBA and passport would be approved during this visit.

When Ms. Okere was called back to the consulate to pick up the documents on February 8, 2013, a consular officer asked her several questions and advised her that a DNA test was needed to prove her maternity or Mr. Okere's paternity. To date, Plaintiffs have not submitted the requested DNA test results.

Plaintiffs filed a previous case in federal district court on November 27, 2013, similarly alleging FTCA claims against the State Department. Plaintiffs moved to voluntarily dismiss that case on February 4, 2014, and the Court dismissed the case without prejudice on February 5, 2014. Plaintiffs filed the instant action on July 28, 2014, and served Defendants on or about February 18, 2015.

## LEGAL STANDARD

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the Court's subject matter jurisdiction. "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). Where, as here, the Rule 12(b)(1) jurisdictional challenge concerns the sufficiency of the allegations in the

complaint regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*overruled on other grounds by Minn–Chem., Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012)).

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

## DISCUSSION

As a basis for their claims, Plaintiffs assert the Federal Tort Claims Act, 28 U.S.C. § 1346, as the source of the Court's subject matter jurisdiction. In the event that the FTCA does not provide the Court with jurisdiction, Plaintiffs seek leave in their response brief to amend the complaint to base jurisdiction on the federal mandamus statute, 28 U.S.C. § 1361. Because neither of these statutes provide the Court with jurisdiction, there is no need to address Defendant's 12(b)(6) arguments.

## I. Jurisdiction under the Federal Tort Claims Act

The purpose of the FTCA is "to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). The FTCA, however, is inapplicable to "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k); *see also United States v. Spelar*, 338 U.S. 217, 218 (1949).

In this case, Plaintiffs have not identified any act or omission that occurred in the United States. The FTCA is inapplicable because the entire complaint is based on acts or omissions that occurred in Nigeria. Although all of the relevant alleged facts occurred at the U.S. Consulate and thus involve a U.S. facility, such facility is nonetheless located "in a foreign country" for purposes of the FTCA. *See, e.g., Smith v. United States*, 507 U.S. 197, 203-04 (1993) (holding that the FTCA's foreign country exception applied – and that the FTCA thus did not apply – to tortious acts or omissions that occurred in Antarctica at a U.S. facility); *Spelar*, 338 U.S. at 219 (same for tortious acts or omissions that occurred in Newfoundland at a U.S.-leased facility); *Meredith v. United States*, 330 F.2d 9, 10–11 (9th Cir.), *cert. denied*, 379 U.S. 867 (1964) (same for tortious acts or omissions that occurred at the U.S. Embassy in Bangkok, Thailand). The Court, therefore, does not have jurisdiction under the FTCA and the complaint must be dismissed under Rule 12(b)(1).

## II. Jurisdiction under the Mandamus Act

"Mandamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases. The exercise of the power of mandamus is a matter committed to the sound discretion of the court . . . and the remedy is to be restricted to exigent circumstances." *Cartier v. Sec'y of State*, 506 F.2d 191, 199 (D.C. Cir. 1974) (citing *Whitehouse v. Illinois Cent. R. Co.*,

349 U.S. 366 (1955)).

The Mandamus Act gives district courts original jurisdiction over any action in the nature of mandamus to compel an agency to perform a nondiscretionary duty owed to a plaintiff, but this remedy is available only if all other avenues of relief are exhausted. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). It is well-established that mandamus is an inappropriate remedy for contesting agency determinations of nationality status because the remedies under 8 U.S.C. § 1503 are "more than adequate." *Id.* at 199; *see also Sanchez v. Clinton*, No. CIV.A. H-11-2084, 2012 WL 208565, at *5 (S.D. Tex. Jan. 24, 2012); *Garza v. Clinton*, 2010 WL 5464263, at *4 (S.D. Tex. Dec. 29, 2010).

The alleged facts in this case fall squarely within the parameters of 8 U.S.C. § 1503(b). Although § 1503(a) provides the Court with jurisdiction to hear claims for declaratory judgment, this remedy is only available for plaintiffs who are within the United States. Because the Plaintiffs' putative son is in Nigeria, Plaintiffs must instead follow the procedures set forth in § 1503(b), which provides that:

> If any person who is not within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may make application to a diplomatic or consular officer of the United States in the foreign country in which he is residing for a certificate of identity for the purpose of traveling to a port of entry in the United States and applying for admission. Upon proof to the satisfaction of such diplomatic or consular officer that such application is made in good faith and has a substantial basis, he shall issue to such person a certificate of identity. From any denial of an application for such certificate the applicant shall be entitled to an appeal to the Secretary of State, who, if he approves the denial, shall state in writing his reasons for his decision. The Secretary of State shall prescribe rules and regulations for the issuance of certificates of identity as above provided. The provisions of this subsection shall be applicable only to a person who at some time prior to his application for the certificate of identity has been physically present in the United States, or to a person under sixteen years of age who was born

abroad of a United States citizen parent.

8 U.S.C.A. § 1503 (West). Section 1503(b) is clearly applicable to this case because Plaintiffs' son is under sixteen years of age and born abroad to a United States citizen parent. Accordingly, Plaintiffs must wait until their son's passport application has been officially denied by U.S. Consulate in Lagos—it's unclear whether this has already happened—and then appeal to the Secretary of State. If their appeal is denied and the Attorney General rejects their son's admission into the United States, Section 1503(c) provides the Court with jurisdiction to review this decision in a habeas corpus proceeding.

## CONCLUSION

The Court lacks subject matter jurisdiction to hear this case. Because Plaintiffs have not exhausted the remedies available to them in 8 U.S.C. § 1503(b), I am granting Defendant's motion and dismissing Plaintiffs' complaint with prejudice under Rule 12(b)(1).

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 2, 2015